Filed 5/8/13  P. v. Wilkinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C071925 |
| Plaintiff and Respondent, | (Super. Ct. No. CM35166) |
| v. | |
| TODD MARTIN WILKINSON, | |
| Defendant and Appellant. | |

Counsel for defendant Todd Martin Wilkinson has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief raising the following issues:  (1) the record is not clear as to whether the trial court suspended imposition of sentence so as to retain sentencing discretion upon violation of probation; (2) the People and the trial court breached the plea agreement; and (3) he is entitled to additional conduct credits.  We address these issues, in addition to undertaking a review of the record as required by *Wende*, and affirm.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

As a result of defendant's 1997 conviction for rape, he is required to register as a sex offender pursuant to Penal Code section 290. On September 13, 2011, a police officer saw defendant and, knowing of his registration requirement, asked a detective to verify that defendant's registration was current and valid. Defendant had last registered in June 2011. The detective went to the last address defendant had provided and spoke to the resident. The resident informed the detective that he knew defendant but that defendant did not reside at the residence.

Defendant was located and arrested on September 22, 2011. Defendant told the arresting officer that the resident of the address he provided had told him he could use the address for his registration requirement. He admitted he did not have any property at the residence, nor did he sleep or eat at the residence. He claimed he occasionally sneaked onto the property and slept in the barn out back.

Defendant was charged with failure to register. (Pen. Code, § 290.015, subd. (a).) It was also alleged he has served two prior prison terms (Pen. Code, § 667.5, subd. (b)), and has a prior strike conviction for a 1997 rape (Pen. Code, § 1170.12).

On December 8, 2011, defendant pled no contest to failing to register and admitted the prior prison term allegations. He entered the plea with the understanding that the remainder of the charges and another separate case would be dismissed, no charges would be pursued on a pending police report, and he would receive five years' probation at the outset.

On January 5, 2012, the trial court sentenced defendant to the upper term of three years for failing to register and two consecutive one year terms for the prior prison term enhancements, for an aggregate term of five years in state prison. The trial court then suspended execution of the sentence and placed defendant on probation for a period of

five years. It also imposed various fines and fees and calculated presentence custody credit. Defendant's appeal of that judgment is this court's case No. C070180.

One of the terms of defendant's probation was that he complete a one-year, minimum, residential substance abuse treatment program and report to probation as directed. On January 20, 2012, a petition was filed alleging defendant had violated probation by terminating his participation in his residential substance abuse treatment program and failing to report to probation as directed.

On February 16, 2012, defendant admitted terminating his participation in his residential substance abuse treatment program. The trial court subsequently denied defendant's motion to withdraw his admission and for "specific enforcement of plea bargain and sentence."

On June 28, 2012, the trial court denied reinstatement of probation. Recognizing defendant's disagreement that there had been a previous agreement to the upper term, the trial court found independently that the upper term was appropriate and ordered defendant serve the previously imposed five-year prison sentence. The trial court affirmed the fines and fees and awarded defendant 255 actual days and 126 conduct days, for a total of 381 days of presentence custody credit.

Defendant appeals. The trial court granted defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.)

DISCUSSION

I

*Suspension Of Imposition Of Sentence*

Defendant contends the record is unclear that the trial court suspended execution of sentence and suggests the court, instead, suspended imposition of sentence, thereby retaining discretion to sentence him to less than five years upon his violation of probation. He is wrong. The record is quite clear that, upon entry of defendant's plea to

3

the underlying offenses, the trial court chose to impose sentence and then suspend execution of that sentence, placing defendant on probation. (Pen. Code, § 1203.1.)

The trial court commenced the sentencing hearing with the following statement: "[A]s I understand it, Counsel, at the time of the plea there was an indication that the defendant would be stipulating to the maximum term; to wit 5 years. That's 3 years for the underlying offense plus 2 additional years for each of the prior prison terms, and then the Court had indicated suspending execution and granting a 5 year grant of probation. [¶] Is that everyone's understanding?" Both attorneys and defendant answered affirmatively. The trial court then orally imposed the indicated sentence, including the stated prison time, fines, fees and additional requirements such as saliva samples and registration requirements. When the prosecutor asked about probation conditions, the trial court responded, "Well, first I'm doing the prison sentence, and then I'm going to suspend execution of it."

The trial court finished imposing sentence, to wit, awarding custody credits and advising defendant of his right to appeal, and then stated, "[t]he Court will suspend execution of the state prison sentence and proceed with a probation grant. Before I do so, Counsel, would you like to be heard as to any specific terms and conditions?" After argument regarding probation conditions, the trial court proceeded to find the case to be unusual pursuant to Penal Code section 1203, subdivision (e)(4), and held "Therefore, defendant's application for probation is granted for the following reasons: His willingness to comply with the terms and conditions of probation. Imposition of sentence is suspended." The trial court then proceeded to set forth the terms of probation.

Defendant argues this last statement by the trial court indicates that imposition, not execution, of sentence was suspended. It does not. Whether the trial court misspoke or the court reporter made a clerical error, the record on a whole is quite clear that *execution* of sentence was suspended, as reflected by the trial court's other statements, the actual pronouncement of the prison sentence, and the clerk's minute order. (See *People v.*

4

*Malabag* (1997) 51 Cal.App.4th 1419, 1422-1423 [When clerk's transcript conflicts with reporter's transcript, question of which controls determined by consideration of circumstances of case].) Thus, upon subsequent revocation and termination of defendant's probation, the previously ordered judgment and sentence came into full force and effect. (Pen. Code, § 1203.2, subd. (c); Cal. Rules of Court, rule 4.435(b)(2).) The trial court had no authority to reduce the previously ordered sentence at the time it revoked and terminated probation (*People v. Howard* (1997) 16 Cal.4th 1081, 1095) and defendant may not now raise issues relating to the accepted sentence on an appeal from the subsequent order revoking and terminating probation (*id*. at p. 1095).

## II

### *Breach Of Plea Agreement*

Defendant also argues that both the People and the trial court breached the plea agreement by "adding" the stipulated term of five years to the agreement after he had entered his no contest plea and admissions. This claim is untimely since it had to be raised by appeal from the order of January 5, 2012, granting defendant probation. (*People v. Senior* (1995) 33 Cal.App.4th 531, 533 ["[W]hen a criminal defendant could have raised an issue in a previous appeal but did not do so, the defendant may be deemed to have waived the right to raise the issue in a subsequent appeal, absent a showing of good cause or justification for the delay"].) This rule is applied where, as in this case, "(1) the issue was ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay." (*Id*. at p. 538.) Defendant did not make his challenge by timely appeal after the sentence was imposed but, instead, commenced the probationary period, reflecting his acceptance of the sentence. (See *People v. Howard*, *supra*, 16 Cal.4th at p. 1084.) Thus, the issue is not cognizable in this appeal.

In any event, we note that, although the five year stipulated term was first clarified on the record after defendant entered his no contest plea and admissions, both defendant and his attorney expressly agreed that it was their understanding that there was an upper-term (five year) state prison stipulation if there was a violation of probation.

III

*Presentence Credits*

Finally, defendant contends he is entitled to 255 days of presentence conduct credit because his credit should not be limited due to the dismissed prior strike.

Defendant was sentenced after violation of probation on June 28, 2012, for an offense that occurred in September 2011. Under the law in effect at the time, a defendant was generally entitled to one day of conduct credit for every day of presentence custody credit. (Former Pen. Code, § 2933; Stats. 2010, ch. 426, § 1.) A defendant who has a prior serious felony conviction is not subject to this provision (former Pen. Code, § 2933, subd. (e)(3); Stats. 2010, ch. 426, § 1), but is instead awarded conduct credit consisting of two days credit for every four days of presentence custody (former Pen. Code, § 4019; Stats. 2011, ch. 39, § 53).

The trial court awarded custody credits under section 4019 based on defendant's prior conviction for rape, a serious and violent felony. (Pen. Code, §§ 1192.7, subd. (c)(3), 667.5, subd. (c)(3).) Defendant claims the denial of day-for-day conduct credits increases the time he will spend in prison and is therefore an increase in his punishment. Since the strike allegation containing the rape conviction was dismissed, defendant contends that this prior conviction cannot be used to limit his conduct credits.

The California Supreme Court has held that a prior conviction does not have to be formally pled and proved in order to limit a defendant's conduct credits. (*People v. Lara* (2012) 54 Cal.4th 896, 907.) Due process gives defendant the right to "sufficient notice of the facts that restrict his ability to earn credits and, if he does not admit them, a reasonable opportunity to prepare and present a defense. [Citations.]" (*Id*. at p. 906.)

6

In *Lara*, the People alleged a prior serious felony conviction in the pleadings, but dismissed the allegation as part of the plea agreement. (*People v. Lara*, *supra*, 54 Cal.4th at p. 900.) The serious felony allegation in the pleadings, when coupled with a reference to the conviction in the probation report, provide sufficient notice and proof to satisfy the defendant's due process rights. (*Id*. at p. 907.)

Here, the People alleged the prior serious felony conviction in the pleadings, defendant executed a *Harvey*[1] waiver allowing the use of dismissed priors at sentencing, and the probation report referenced the dismissed prior conviction as limiting his conduct credits. Applying *Lara*, we reject defendant's claim.

IV

*Review Of Entire Record*

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's orders revoking defendant's probation and committing defendant to prison are affirmed.


      ROBIE     , Acting P. J.

We concur:


      BUTZ     , J.


      HOCH     , J.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.